UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALTICORP, INC. and AMWAY CORP., | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:21-cv-271 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| PHOEBE'S CHOICE, INC. and | ) | |
| PHOEBE WANG, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Defendants filed a motion to dismiss for lack of personal jurisdiction and for improper venue. (ECF No. 19.) The Magistrate Judge issued a report recommending the Court deny the motion. (ECF No. 23.) Defendants filed objections. (ECF No. 24.) The Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Defendants, located in New York, sell goods through an online storefront on www.amazon.com under the name Phoebe's Choice. Plaintiffs accuse Defendants of selling products that bear Plaintiffs' trademarks, among other allegations. Following limited

discovery for jurisdictional purposes, Defendants file the pending motion. Plaintiffs oppose the motion arguing, in part, that Defendants (not third parties like Amazon) have sold several hundred products to people in Michigan.

The Magistrate Judge found that the limited discovery provided by Defendants establish that they made, relevant to this lawsuit, at least 203 transactions involving 236 products. (ECF No. 23 at 7 PageID.526.) For each of the 203 transactions, Defendants shipped the products to locations in Michigan. (*Id.*) Defendants do not object to this factual finding.

1. Defendants assert that the Magistrate Judge omitted important portions of Defendant Wang's affidavit. The Court overrules the objection. Correction of the alleged omissions does not require a different outcome. First, many of the omitted statements contain legal, not factual, assertions. Second, most of the omitted statements did not factor into the Magistrate Judge's legal conclusion, which was based on the sending of products by Defendants to addresses in Michigan.

2. Purposeful Availment. Defendants argue that the record lacks evidence that they targeted or intentionally directed their activities or operations at Michigan. Defendants also argue that a showing of sales alone is not sufficient to establish personal jurisdiction.

The Court overrules Defendants' objection. Plaintiffs' response to the objection coherently explains the flaw in Defendants' reasoning. None of opinions on which Defendants rely involve a party directly sending hundreds of products to residents of the forum state.

Defendants cannot avoid personal jurisdiction by relying on the "stream of commerce" cases like *J. McIntyre Mach. Ltd. v. Nicastro*, 564 U.S. 873 (2011). The "stream of commerce" cases typically involve a manufacturer placing products into the metaphorical stream of commerce, for example by transferring or selling a product to a distributor who then resells or transfers the products to other forums. The manufacturer does not know where its products will be sent by the distributor. Assuming Defendants correctly interpret *Nicastro*, the plurality opinion clarifies what a plaintiff must show for person jurisdiction for "stream of commerce" cases.[1] *Id.* at 877. In those situations—indirect distribution—a court may exercise personal jurisdiction when the "defendant can be said to have targeted the forum[.]" *Id.* at 882. This is not a "stream of commerce" situation. Here, Defendants intentionally sent (or "directly distributed" or "purposefully directed") hundreds of their products to addresses in Michigan.

Defendants also cannot avoid personal jurisdiction by relying on court opinions considering personal jurisdiction based only on a website or internet advertising. When considering personal jurisdiction based on a website, the Sixth Circuit generally looks at the interactivity of the website on a sliding scale, a frequently cited standard outlined in *Zippo Manufacturing*. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa.

---

[1] Plaintiff cites Justice Kennedy's opinion in *Nicastro*, which garnered only four votes. At least four circuit courts have held that Justice Breyer's concurring opinion, which is narrower, is the binding opinion in *Nicastro*. *See Knox v. MetalForming, Inc.*, 914 F.3d 685, 691 (1st Cir. 2019) (collecting cases). Justice Breyer's opinion did not expand or add any consideration to the Supreme Court's personal jurisdiction precedents. *Nicastro*, 564 U.S. at 890 ("According, on the record present here, resolving this case requires no more than adhering to our precedents.").

1997); *Cadle Co. v. Schlichtmann*, 123 F. App'x 675, 678 (6th Cir. 2005). Under this sliding scale approach, a defendant's other actions can provide a basis for personal jurisdiction even when the defendant operates a passive website.[2] Defendants' activities involve more than simply advertising products on the internet. Defendants complete the sale of goods by knowingly sending their products to the forum. Both *Neogen* and *Zippo* opinion explicitly rejected an argument similar to what Defendants make here. *See Neogen*, 282 F.3d at 892 ("Although customers from Michigan contacted NGS, and not the other way around, NGS could not mail test results to and accept payment from customers with Michigan addresses without intentionally choosing to conduct business in Michigan. This establishes that NGS chose to contract with customers from Michigan."); *Zippo*, 952 F. Supp. at 1126 ("At oral argument, Defendant repeatedly characterized its actions as merely 'operating a Web site' or 'advertising.' . . . Dot Com has done more that advertise on the Internet in Pennsylvania. Defendant has sold passwords to approximately 3,000 subscribers in Pennsylvania and entered into sever contracts with Internet access providers to furnish its services to their customers in Pennsylvania.").

3. Forum-Related Activities and Reasonableness. The Magistrate Judge found that the second and third factors, forum-related activities and reasonableness, both support the exercise of personal jurisdiction. Defendants do not object to these conclusions.

4. Venue. The Magistrate Judge recommends denying the portion of Defendants' motion that asserts improper venue. Defendants do not object to this recommendation.

---

[2] To be clear, the Court makes no finding whether Defendants' website is passive, interactive, or something else.

5

For these reasons, the Court **ADOPTS** as its Opinion the Report and Recommendation. (ECF No. 23.) The Court **DENIES** Defendants' motion to dismiss (ECF No. 19.) **IT IS SO ORDERED.**

Date:   November 2, 2022                          /s/ Paul L. Maloney
                                                                            Paul L. Maloney
                                                              United States District Judge